IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES D. BERRY )<br>)<br>Defendant )<br>) | 16 CV-6447-PCK-PK |

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

NOW COMES Defendant CHARLES D. BERRY ("Defendant"), *pro se*,[1] and hereby moves this Honorable Court, pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the entry of default entered by the Clerk on April 20, 2017.

## STATEMENT OF FACTS

Although Plaintiff filed suit against Defendant for a violation of Section 705 of the Federal Communications Act, as amended, 47 U.S.C. § 605 (the "Statute"), on November 21, 2016, alleging that Defendant showed a fight without authorization on November 23, 2016, Defendant did not find out about the suit until he received a notice of Default on or after May 26, 2017. *See* Affidavit of Charles D. Berry, filed with Motion for Extension of Time on June 29, 2017 and attached as Exhibit A, paragraph 7..

Defendant is the owner of the commercial establishment located at 217-01 Linden Boulevard, Cambria Heights, New York ("The Proper Cafe"). Defendant did not receive the

---

[1] This motion was prepared with assistance from the Federal Pro Se Legal Assistance Project, Eastern District of New York.

summons and the Complaint. Although the affidavit of John Hudak states that the paperwork was served on a man named Scott on December 23, 2016, Defendant does not have any employees named Scott and did not have any employees named Scott at that time. *Id.* A neighborhood handyman named Scott occasionally helps out with odd jobs at The Proper Cafe, but Scott is not an employee. *Id.* Scott did not give any paperwork to Defendant, and Defendant does not believe he ever received any paperwork about the case by mail. *Id.* Defendant was unaware of the lawsuit until he received the notice of default by mail on or after May 26, 2017. *Id.*

Furthermore, Defendant maintains that to the best of his knowledge his establishment did not show the fight in question. Although the Proper Cafe charges a cover for admission on Saturday evenings, this is a regular cover that is used to defray the costs associated with hiring a DJ to play music, not an admission fee to see the fight. *Id.* On the night in question, Defendant did not arrive at The Proper Cafe until after midnight, but when he arrived the televisions were not set to a fight. *Id.* There are several additional errors in the affidavit of Kenneth S. Baylor. First, there are four televisions in The Proper Cafe, not two as indicated in the affidavit of Kenneth S. Baylor, all of which would be visible from the bar. *Id.* Second, The Proper Cafe has never employed a bouncer who matches the description provided in the affidavit, or a bartender named Douglas. *Id.*

## ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure permits the Court to set aside an entry of default for "good cause." F.R.C.P. 55(c). "A motion under Rule 55(c) to set aside an entry of default is addressed to the sound discretion of the district judge." *Marziliano v. Heckler*, 728 F.2d 151, 156 (2d Cir. 1984). The Second Circuit "has established three criteria to be analyzed

2

by a district court in deciding whether to set aside an entry of default: whether the default was willful, whether the moving party has presented a meritorious defense, and whether setting aside the default would prejudice the party who secured the entry of default." *Id.*

Here, good cause exists to give Defendant more time to respond to the request for judgment by default. First, Defendant's failure to respond to the Complaint was not willful: He did not receive proper service of the paperwork that was left with someone who was not an employee. Under such circumstances, Defendant's default was not willful.

Second, Defendant has a meritorious defense to the Complaint: Defendant maintains that to the best of his knowledge, The Proper Cafe did not show the fight in question.

Finally, Plaintiff will suffer no prejudice if the default is set aside. Mere delay is insufficient to constitute prejudice, and there is no danger of loss evidence, difficulties in discovery, or any "enhanced opportunity for fraud or collusion." *Strong-Fischer v. Lahood*, 611 F. Supp. 2d 49, 52 (D.D.C. 2009). Accordingly, this case should be resolved on the merits.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court set aside the Entry of Default and deny Plaintiff's Motion for Default. .

                                                         Respectfully submitted,

                                                         Charles D. Berry

July 27, 2017

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.   )
                                 )
        Plaintiff,               )
                                 )   16 CV-6447-PCK-PK
v.                               )
                                 )
CHARLES D. BERRY                 )
                                 )
        Defendant                )
                                 )

## AFFIDAVIT OF CHARLES D. BERRY

I, Charles D. Berry, swear under penalty of perjury, as follows:

1. My name is Charles D. Berry. I am the defendant in the above-captioned case. I make this affidavit in support of my motion to set aside the default judgment against me.

2. I prepared this affidavit with the assistance of a volunteer lawyer at the Federal Pro Se Legal Assistance Project in the Eastern District of New York.

3. I am the owner of the premises at 217-01 Linden Boulevard, Cambria Heights, New York, a bar and restaurant called The Proper Cafe.

4. The affidavit of John Hudak (docket entry 5) states that he served the paperwork at that address on December 23, 2016 to a man named Scott. I do not have any employees named Scott, and I did not have any employees named Scott at that time.

5. A neighborhood handyman named Scott occasionally helps out around the bar with odd jobs. He is not my employee and he is not a manager or co-worker as indicated in the affidavit of John Hudak.

6. If paperwork was left with Scott, he never gave that paperwork to me. I did not receive any paperwork about the case by mail.

7. I did not know about the lawsuit until I received the notice of default by mail on or after May 26, 2017.

8. To the best of my knowledge, the fight described in the affidavit of Kenneth S. Baylor (docket entry 9-1) was not shown at The Proper Cafe on the night in question.

9. I do not show fights at The Proper Cafe, either for commercial advantage or financial gain.

10. The Proper Cafe charges a cover for admission every Saturday evening. The cost of the cover is $7 from 10 p.m. to midnight, and $10 after midnight. The cover is used to pay costs associated with hiring a DJ to play music.

11. There are four televisions in The Proper Cafe, not two as indicated in the affidavit of Kenneth S. Baylor. All four televisions would be visible from the bar. There are two televisions on the wall, one on a platform, and one hanging from the ceiling.

12. On the night in question, I did not arrive at The Proper Cafe until after midnight. When I arrived the televisions were not set to a fight.

13. There are several additional errors in the affidavit of Kenneth S. Baylor. I have never employed a bouncer who matches the description provided in the affidavit, with a beard and a thick mustache. Nor have I have ever employed a bartender named Douglas.

14. I swear that the foregoing is true and correct.

*Charles D. Berry* (signature)
Charles D. Berry

6-29-2017

2

## AFFIRMATION OF SERVICE

I, Charles Berry, declare under penalty of perjury that I have served a copy of the foregoing <u>Motion to Set Aside Clerk's Entry of Default</u> on opposing counsel, Paul J. Hooten, whose address is Paul J. Hooten & Assoc., 5505 Nesconset Highway, Ste. 203, Mt. Sinai, NY 11766 by the following method:

*Check one*

X US Mail.

\_\_\_\_ Hand delivery.

\_\_\_\_ Fed Ex, UPS, or other private carrier.

Dated: 7 - 27 - 17

Brooklyn, NY

*Charles D Berry*
Charles Berry

17040 130th Ave., Jamaica, NY 11434

718-525-1780