UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
J&J SPORTS PRODUCTIONS INC.,

               Plaintiff,

- against -

CHARLES D. BERRY,

               Defendant.
----------------------------------------------------------x

**ORDER**

16-CV-6447 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff J&J Sports Productions Inc. ("J&J") brings this action against Defendant Charles D. Berry, alleging that Berry violated several provisions of the Federal Communications Act of 1934 by screening or assisting the screening of a boxing match between Manny Pacquiao and Brandon Rios on November 23, 2013 (the "Event"), without the authorization of Plaintiff, the holder of exclusive rights to screen or broadcast the Event.  On March 15, 2017, Plaintiff filed an affidavit of service stating that a copy of the complaint with summons was served by hand delivery to "Scott Doe (Refused Name), Manager/Co-worker," at Defendant's place of business, a commercial establishment called The Proper Café.  (Dkt. 5.)  On April 20, 2017, the Clerk of Court entered a certificate of default against Defendant for failing to answer or otherwise respond to the Complaint.  (Dkt. 7.)  On May 26, 2017, Plaintiff moved for default judgment against Defendant. (Dkt. 8.)

On June 29, 2017, Defendant, *pro se*, filed a motion for extension of time to respond to Plaintiff's motion for default judgment.  (Dkt. 10.)  In that motion, Defendant disputed service of the complaint and made the following assertions, among others, by affidavit:

- "Defendant does not have any employees named Scott and did not have any employees named Scott at th[e] time [of alleged service]";

- "[a] neighborhood handyman named Scott occasionally helps out around the bar with odd jobs[,] [but] [h]e is not my employee and he is not a manager or co-worker as indicated in the [affidavit of service]";
- "[i]f paperwork was left with Scott, he never gave that paperwork to me";
- "I did not receive any paperwork about the case by mail";
- "I did not know about the lawsuit until I received the notice of default by mail on or after May 26, 2017"; and
- "[t]o the best of my knowledge, the fight described in [Plaintiff's motion for default judgment] was not shown at The Proper Café on the night in question."

(Dkt. 10 at ECF 4-6 (Affidavit of Charles D. Berry).) Defendant also made specific assertions to dispute the factual basis of the claims raised in the Complaint. (*See id.* at ECF 5 ¶¶ 9-13.) On July 27, 2017, Defendant filed a motion to set aside the Clerk's default based on these same factual assertions. (*See* Dkt. 11.) When Plaintiff failed to respond timely to Defendant's motion to set aside the Clerk's entry of default, Magistrate Judge Kuo ordered Plaintiff to respond to Defendant's motion by November 3, 2017. (*See* 10/24/2017 Order.) Plaintiff did not file a response.

A district court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In deciding whether good cause exists to set aside an entry of default, the district court should consider three criteria: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

Here, each of these criteria weighs in favor of setting aside the default. Defendant has demonstrated that his default was not "willful" by submitting unrebutted testimony showing that he was unaware of this action until after Plaintiff moved for default judgment. Defendant has demonstrated the existence of meritorious defenses by specifically disputing the factual basis of

the claims raised in the Complaint. Plaintiff did not file a response to Defendant's motion to set aside the default and, therefore, forfeited its opportunity to demonstrate any prejudice that would arise if the Court grants Defendant's motion to set aside the default.

For these reasons, the Court finds good cause to set aside the Clerk's default pursuant to Federal Rule of Civil Procedure 55(c). Accordingly, Defendant's motion to set aside the Clerk's default is granted and Plaintiff's motion for default judgment is denied as moot. Defendant shall file an answer or otherwise respond to the Complaint no later than December 12, 2017.

SO ORDERED.
/s/ *Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: November 14, 2017
    Brooklyn, New York